TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00016-CR







David McClure, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT


NO. 6361, HONORABLE JOE CARROLL, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of indecency with a child by contact. Act of May 29,
1987, 70th Leg., R.S., ch. 1028, § 1, 1987 Tex. Gen. Laws 3474 (Tex. Penal Code Ann. §
21.11, since amended). The district court assessed punishment, enhanced by a previous felony
conviction, at imprisonment for fifty years.

 Appellant's court-appointed attorney filed a brief in which she concludes that the
appeal is frivolous and without merit. The brief meets the requirements of Anders v. California,
386 U.S. 738 (1967), by advancing five contentions which counsel says might arguably support
the appeal. See also Penson v. Ohio, 488 U.S. 75 (1988); Gainous v. State, 436 S.W.2d 137
(Tex. Crim. App. 1969); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Currie v.
State, 516 S.W.2d 684 (Tex. Crim. App. 1974); High v. State, 573 S.W.2d 807 (Tex. Crim.
App. 1978). In addition, appellant has filed a pro se brief.

 In her first and second points of error, counsel contends the evidence is arguably
insufficient, legally and factually, to sustain the conviction. Appellant also challenges the
sufficiency of the evidence in his fourteenth pro se point of error. In determining the legal
sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing
all the evidence in the light most favorable to the verdict, any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614
S.W.2d 155 (Tex. Crim. App. 1981). When conducting a factual sufficiency review, we do not
view the evidence in the light most favorable to the verdict. Instead, we consider all the evidence
equally, including the testimony of defense witnesses and the existence of alternative hypotheses. 
Orona v. State, 836 S.W.2d 319 (Tex. App.--Austin 1992, no pet.). We will set aside a verdict
for factual insufficiency only if it is so contrary to the overwhelming weight of the evidence as
to be clearly wrong and unjust. Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992,
pet. ref'd as untimely filed); see Clewis v. State, No. 450-94 (Tex. Crim. App. Jan. 31, 1996)
(adopting Stone test for factual sufficiency).

 The complainant, who was nine years old at the time of the offense, lived with her
mother and younger brother in a Lampasas apartment complex. Appellant and his wife lived in
the same complex. Appellant's wife babysat the complainant and her brother, sometimes keeping
them in her apartment overnight. The complainant testified that in February 1994, while she was
spending the weekend with appellant and his wife, appellant entered the bathroom as she was
taking a bath and touched her on her genital area with a cotton swab. Later, as the complainant
laid on the couch with appellant, he put his hands inside her panties and touched her "private." 
Appellant also told the complainant to look under the blanket that was covering them. When she
did, she saw that appellant's penis was exposed. A friend and coworker of the complainant's
mother who also babysat the children testified to the complainant's outcry.

 Appellant's wife testified that she bathed the complainant, not appellant, and that
appellant was never alone with the complainant on the weekend in question. Two other defense
witnesses gave testimony suggesting that the complainant's accusations were false and motivated
by a desire to call attention to herself.

 Viewing the evidence in the light most favorable to the verdict, we find that a
rational trier of fact could conclude beyond a reasonable doubt that appellant touched the
complainant's genitals with the intent to arouse or gratify his sexual desire. We further find that
the jury's verdict is not so contrary to the overwhelming weight of all the evidence as to be clearly
wrong or unjust. Counsel's first and second arguable points and appellant's fourteenth pro se
point are overruled.

 We have examined counsel's third and fourth arguable points of error and find them
to be without merit. Further discussion would serve no useful purpose. 

 Counsel's fifth arguable point and appellant's fifteenth pro se point complain that
the district court erred by admitting State's exhibit one, an Alaska penitentiary packet reflecting
appellant's previous conviction in that state. The trial objections to this exhibit were that the
witness, a fingerprint expert who compared the prints in the exhibit with appellant's prints, was
"not qualified to identify this document" and had "no personal knowledge of the chain of custody
or in fact that these prints . . . are that [sic] of the defendant." The arguments brought forward
by counsel and appellant in their briefs do not comport with the trial objections and therefore were
not preserved for review. Tex. R. App. P. 52(a). Counsel's fifth arguable point and appellant's
fifteenth pro se point are overruled.

 Appellant brings forward four pro se points of error concerning the makeup of the
jury. First, appellant contends one of the jurors was not a resident of Lampasas County. The
address shown for one juror was Route 2, Box 940, Copperas Cove, Texas. We will take judicial
notice that Copperas Cove is in Coryell County. That the juror's mail is delivered through the
Copperas Cove post office does not, however, prove that the juror resides there. Absent proof
to the contrary, we must presume the jury was properly impaneled. Tex. R. App. P. 80(d). Pro
se point ten is overruled.

 Appellant also complains that he was prejudiced because the jury was composed
of eight women and four men, and because all the jurors were white. The names of the jurors
tend to confirm appellant's assertion regarding the jurors' gender, but there is no evidence of the
jurors' race. In any event, appellant offers no authority in support of his contention that he was
entitled to a jury "equal in sex and race." Pro se points eleven and twelve are overruled.

 Appellant next urges that he was prejudiced because one juror knew appellant. The
juror in question, during voir dire, said that he recognized appellant as a frequent customer in the
automobile parts store where the juror worked. There is no evidence, however, that the juror's
familiarity with appellant caused him to be biased. Pro se point of error thirteen is overruled.

 Appellant's nine remaining pro se points of error allege ineffective assistance of
counsel. To prevail on this claim, appellant must show that counsel made such serious errors that
he was not functioning effectively as counsel and that these errors prejudiced appellant's defense
to such a degree that he was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668
(1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); and see Moore v. State,
694 S.W.2d 528, 531 (Tex. Crim. App. 1985); O'Hara v. State, 837 S.W.2d 139, 143 (Tex.
App.--Austin 1992, pet. ref'd). In reviewing a claim of ineffective assistance, we must indulge
a strong presumption that counsel's conduct fell within the wide range of reasonable professional
assistance. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

 Appellant complains that counsel failed to investigate the facts prior to trial, failed
to interview witnesses, failed to visit the scene of the crime, failed to call witnesses for the
defense, and failed to request a copy of the "pretrial investigation report." Counsel called three
defense witnesses. There is no evidence that other witnesses were available. The record indicates
that counsel first spoke to two of the defense witnesses on the day trial began, but there is no
evidence that this harmed his examination of the witnesses. There is no evidence that counsel
failed to adequately prepare for trial, either through personal investigation of the facts or through
informal discovery. Pro se points one, two, three, four, and six are overruled.

 Appellant next asserts that counsel was ineffective because he did not properly voir
dire the jury panel, did not object to the testimony of the complainant's mother, and did not call
appellant to testify. Appellant's only complaint regarding counsel's voir dire, that he did not test
the qualifications of the jury panel in the manner prescribed by article 35.12, does not support the
allegation of ineffectiveness. See Tex. Code Crim. Proc. Ann. art. 35.12 (West 1989) (trial court
to test qualifications). Appellant suggests no plausible reason why the complainant's mother was
not a competent witness. Appellant mistakenly believes that because a motion in limine was
granted, he could have testified without being impeached. Pro se points seven, eight, and nine
are overruled.

 Finally, appellant contends counsel was ineffective because he did not file a motion
for new trial after a defense witness "came up with more evidence in favor of the Appellant." 
Appellant does not indicate the nature of this alleged new evidence. There is no showing in the
record that it exists. Pro se point of error five is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: April 24, 1996

Do Not Publish



rward four pro se points of error concerning the makeup of the
jury. First, appellant contends one of the jurors was not a resident of Lampasas County. The
address shown for one juror was Route 2, Box 940, Copperas Cove, Texas. We will take judicial
notice that Copperas Cove is in Coryell County. That the juror's mail is delivered through the
Copperas Cove post office does not, however, prove that the juror resides there. Absent proof
to the contrary, we must presume the jury was properly impaneled. Tex. R. App. P. 80(d). Pro
se point ten is overruled.

 Appellant also complains that he was prejudiced because the jury was composed
of eight women and four men, and because all the jurors were white. The names of the jurors
tend to confirm appellant's assertion regarding the jurors' gender, but there is no evidence of the
jurors' race. In any event, appellant offers no authority in support of his contention that he was
entitled to a jury "equal in sex and race." Pro se points eleven and twelve are overruled.

 Appellant next urges that he was prejudiced because one juror knew appellant. The
juror in question, during voir dire, said that he recognized appellant as a frequent customer in the
automobile parts store where the juror worked. There is no evidence, however, that the juror's
familiarity with appellant caused him to be biased. Pro se point of error thirteen is overruled.

 Appellant's nine remaining pro se points of error allege ineffective assistance of
counsel. To prevail on this claim, appellant must show that counsel made such serious errors that
he was not functioning effectively as counsel and that these errors prejudiced appellant's defense
to such a degree that he was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668
(1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); and see Moore v. State,
694 S.W.2d 528, 531 (Tex. Crim. App. 1985); O'Hara v. State, 837 S.W.2d 139, 143 (Tex.
App.--Austin 1992, pet. ref'd). In reviewing a claim of ineffective assistance, we must indulge
a strong presumption that counsel's conduct fell within the wide range of reasonable professional
assistance. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

 Appellant complains that counsel failed to investigate the facts prior to trial, failed
to interview witnesses, failed to visit the scene of the crime, failed to call witnesses for the
defense, and failed to request a cop